```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/06
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PANDORA SELECT PARTNERS, LP, et al.,       :

                          Plaintiffs,      :  **REPORT & RECOMMENDATION**

        -against-      :  06 Civ. 938 (KMW)(KNF)

STRATEGY INTERNATIONAL INSURANCE       :
GROUP, Inc., et al.,
                                       :
                        Defendants.
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE KIMBA M. WOOD, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

On February 7, 2006, the plaintiffs, seven corporate entities, filed the instant action alleging, inter alia, breach of contract and fraud against the defendants, arising out of the plaintiffs' $50 million investment in defendant Strategy Real Estate Investments, Ltd. ("SREI") and its parent company Strategy International Insurance Group, Inc. ("SIIG").

Before the Court is the plaintiffs' motion for a preliminary injunction. Through this application, the plaintiffs request that the Court: (1) order the defendants to transfer "funds sufficient to pay a potential judgment to a financial institution" in New York and issue an order of attachment, pursuant to Fed. R. Civ. P. 64 and New York Civil Practice Law and Rules ("CPLR") § 6301;[1] or (2) enjoin the defendants from disposing of or transferring approximately

---

[1] The plaintiffs have mistakenly relied upon CPLR § 6301. To the extent that the plaintiffs are requesting a preliminary injunction (prohibiting the defendants from moving the
(continued...)

-1-

$32 million from an RBC Dominion Securities ("RBC") account in Toronto, Canada. The defendants oppose the plaintiffs' motion for a preliminary injunction. They maintain that the funds at issue are no longer in the RBC account.

## II. BACKGROUND

On June 29, 2006, the plaintiffs made the instant motion for a preliminary injunction, based upon their contention that the defendants retained $32 million of the plaintiffs' $50 million investment in an RBC account in Toronto, and that the defendants were dissipating or were about to dissipate the funds.

On July 14, 2006, defendant Sandro Sordi ("Sordi") submitted a declaration in opposition to the plaintiffs' motion for a preliminary injunction. In that declaration he explained that there were no funds in the RBC account and, accordingly, the plaintiffs' motion should be denied as moot.[2]

On July 18, 2006, plaintiffs' counsel requested an "emergency hearing," and, thereafter, submitted a reply memorandum and two affidavits in response to Sordi's submission.

A hearing on the plaintiffs' application for a preliminary injunction was held on July 31, 2006. During the hearing, counsel to the plaintiffs requested that he be allowed to change the

---

[1](...continued)
funds or ordering the defendants to move the funds to New York), Fed. R. Civ. P. 65 is applicable, not CPLR § 6301. Moreover, the plaintiffs' request for an order of attachment, pursuant to Fed. R. Civ. P. 64, implicates CPLR § 6201, not CPLR § 6301. See Rosen v. Cascade Int'l., Inc., 21 F.3d 1520, 1530 (11th Cir. 1994) (explaining that the true nature of the relief sought determines whether the motion is for attachment or a preliminary injunction).

[2] On July 31, 2006, during a hearing held in connection with the instant application, counsel to the defendants corrected Sordi's statement, that there were no funds in the account, by informing the Court, on the record, that approximately $336 remained in the RBC account.

nature of the injunctive relief requested by his clients, based upon the information provided by Sordi through his declaration. Counsel to the plaintiffs proposed that the court direct the defendants to "account for all the money, where it went . . . where it is currently" within twenty-four hours and that the court enjoin the defendants "from doing anything to dissipate the funds, wherever they are, to basically freeze their assets . . . ." The defendants opposed the plaintiffs' request to seek injunctive relief of a nature other than that which had been sought in their written application to the court. The Court reserved decision on the plaintiffs' request. However, it advised the plaintiffs, in response to an inquiry, that they were free, if they deemed it appropriate, to submit a new written application for a preliminary injunction, seeking relief different from that sought via the instant motion.

On August 1, 2006, the plaintiffs requested the following relief, which counsel to the plaintiffs noted, had been included in their reply memorandum to the defendants' submission in opposition to the instant motion:

> [The court should] order defendants to move the funds that have been removed from the RBC Account back to that account and to keep them there, or to transfer the removed funds to an account at a financial institution or branch in New York state, where they can be attached by this Court. By this submission, plaintiffs formally request such relief.

### III. DISCUSSION

In general, the purpose of a preliminary injunction is to protect a plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision, after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2006). The grant or denial of a preliminary injunction rests in the discretion of the trial court. See id. at § 2948. "To obtain a preliminary injunction, an applicant must show that he or she is likely to suffer irreparable injury if such relief is denied and there is either (1) a

fair ground for litigation, with a balance of hardships tipping decidedly in the applicant's favor." See, e.g., In re Feit & Drexler, Inc., 760 F.2d 406, 415 (2d Cir. 1985). "[I]rreparable injury means injury for which a monetary award cannot be adequate compensation." Id. Therefore, a preliminary injunction should be denied if it appears that the applicant has an adequate remedy in the form of money damages. See Grupo Mexicano de Decarrollo S.A. v. Alliance Bonds Fund, Inc., 527 U.S. 308, 318-333 119 S. Ct. 1961, 1968-75 (1999); Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979).

In the instant case, the plaintiffs' motion for a preliminary injunction, regardless of the specific nature of the relief sought, ought to be denied because the primary relief sought in this action is monetary. A showing of irreparable injury cannot be made based on a litigant's fear that a defendant may not have assets to pay a future judgment. See Grupo Mexican de Desarrolo, S.A., 527 U.S. at 330-33, 119 S. Ct. at 1973-75. Furthermore, a preliminary injunction designed to freeze a defendant's assets, so as to preserve the defendant's funds for a future judgment, is beyond the court's equitable powers. Id. In any event, the Court finds that the plaintiffs' concern that the defendants are dissipating or will dissipate their assets is based on nothing more than speculation.

In the case at bar, the plaintiffs will have an adequate remedy, in the form of money damages, should they prevail on the merits in this action. The plaintiffs have not alleged that money damages will not be an adequate remedy if they are successful, on the merits, in this action. Therefore, granting the plaintiffs' application for a preliminary injunction is not warranted.

Furthermore, even if the court were to find it appropriate to direct the defendants to move

-4-

their assets to New York, the plaintiffs would not be entitled to an order of attachment, pursuant to Fed. R. Civ. P. 64 and CPLR § 6201(3), unless they produced evidence that "fraudulent or bad faith conduct is occurring or about to occur . . . ." Ashland Oil, Inc. v. Gleave, 540 F. Supp. 81, 84 (S.D.N.Y. 1982) (finding that courts will not "lightly infer such motives from the mere fact that a defendant is transferring or disposing of properties or assets").

Inasmuch as it appears that the plaintiffs will have an adequate remedy, in the form of money damages, should they prevail on the merits in this action, they are not entitled to the relief they seek through the instant motion.

## IV. CONCLUSION

For the foregoing reasons, the plaintiffs' motion for a preliminary injunction should be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also, Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Kimba M. Wood, 500 Pearl Street, Room 1610, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Wood. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn 474 U.S. 140 (1985);

OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
August 11, 2006

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies sent via mail to:

Gregory A. Blue, Esq.
Morgenstern Jacbos & Blue, LLC
885 Third Avenue
New York, NY 10022

Vincent Louwagie
Anthony Ostlund & Baer, P.A.
90South Street
Suite 3600
Minneapolis, MN 55402

Richard Anthony De Palma, Esq.
Baker & McKenzie (NY)
1114 Avenue of the Americas
4th Floor
New York, NY 10035